# EXHIBIT A

# Summons & Complaint

FILED IN OFFICE 10:30 A.M.
DATE: 12/13/12

*c Sulford*
DEPUTY CLERK OF SUPERIOR COURT
MARION COUNTY, GEORGIA

IN THE SUPERIOR COURT OF MARION COUNTY
STATE OF GEORGIA

DANIEL WRIGHT and
BENJAMIN ARRINGTON,
　　　Plaintiffs

vs.

S. ELECTRICAL CONTRACTORS,
INC.,
　　　Defendant

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION FILE NO.

12CV152

## SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

CHRISTOPHER L. MEACHAM
RICHARD M. KEMMER, III
MEACHAM & EARLEY, P.C.
PO Box 9031
COLUMBUS, GA 31908-9031
(706) 576-4064

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __13__ day of __Dec_____, 2012.

_____
Clerk/Deputy Clerk

ME&J/GA/Labor-Employment/Wage/Wright, Daniel
　Complaint

2-15-13

Received 1-17-13

: 30 A.M.

DATE: 12/13/12

DEPUTY CLERK OF SUPERIOR COURT
MARION COUNTY, GEORGIA

IN THE SUPERIOR COURT OF MARION COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DANIEL WRIGHT and<br>BENJAMIN ARRINGTON,<br>**Plaintiffs** | : | CIVIL ACTION FILE NO. |
| | : | |
| | : | 12CV152 |
| | : | |
| vs. | : | |
| | : | |
| S. ELECTRICAL CONTRACTORS,<br>INC., | : | |
| | : | |
| **Defendant** | : | |

## COMPLAINT

*COME NOW*, DANIEL WRIGHT and BENJAMIN ARRINGTON, the Plaintiffs, by and through their undersigned attorneys of record, and file this Complaint against S. ELECTRICAL CONTRACTORS, INC (hereinafter "SEC") a Corporation incorporated in the State of Alabama, and respectfully shows unto this Honorable Court as follows:

1.

Plaintiff Daniel Wright (hereafter "Wright" or plurally as "Plaintiffs") is a resident of the State of Alabama and submits himself to the Jurisdiction of this Honorable Court. *not true*

2.

Plaintiff Benjamin Arrington (hereafter "Arrington" or plurally as "Plaintiffs") is a resident of the State of Alabama and submits himself to the Jurisdiction of this Honorable Court. *Not true*

3.

The Defendant, SEC, is a Corporation incorporated in the State of Alabama. SEC is currently transacting business in the jurisdiction and venue of this Court, and service may be perfected upon its Registered Agent, Mark Daugherty, at the following address: 1011 14th Street, Phenix City, Alabama 36867.

ME&J/GA/Labor-Employment/Wage/Wright, Daniel
  Complaint

4.

This action is brought pursuant to the Fair Labor Standards Act (hereafter "FLSA") to recover from SEC overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and damages for wrongful and retaliatory termination. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

5.

Based upon information and belief, at all material times relevant to this action, SEC was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that SEC had an annual business dollar volume of at least $500,000.00.

6.

SEC is engaged in interstate commerce and was so engaged during Plaintiffs' employment with SEC.

7.

SEC has two or more employees of the enterprise individually engaged in commerce.

8.

Plaintiffs and those similarly situated to them were individually covered by the FLSA as they performed work for and at the direction of SEC.

9.

During Plaintiffs employment, they routinely worked 45-50 hours per week. They were, however, paid for only 40 hours of work per week. They were never compensated for hours worked beyond 40 in any given week. We do not work overtime Not true

10.

Plaintiffs were economically dependent upon SEC, they had no opportunity for profit or loss through the employment relationship, and they made no investments in the business.

11.

Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiffs are in the possession, custody, and control of SEC.

12.

This action is also brought pursuant to the Davis-Bacon Act as defined by 40 U.S.C. §§ 3141 *et seq.* (hereafter "DBA") to recover from SEC prevailing wage compensation, liquidated damages, reasonable attorneys' fees and costs, other damages related to SEC's misclassification of Plaintiffs, in their working capacities.

13.

Plaintiffs were employed by SEC as Electricians and acted as full time employees at all times relevant to this complaint. SEC classified as Apprentices and/or Journeymen; however, the Plaintiffs performed all duties and job functions as Certified Electricians.  During their employment with SEC, Plaintiffs performed electrical work at the direction of SEC on a project known as Marion Middle School and High School (the "Project"). The Project was subject to DBA wage rate requirements.

14.

Prior to the outset of the Project, the Secretary of Labor made a DBA determination with respect to construction projects in Marion County that fell under the DBA's purview. The determination states that Electricians are due an hourly wage of $29.00, with fringe benefits in

the amount of $8.09 per hour. The determination is attached hereto and incorporated herein as Exhibit "A." SEC was a subcontractor on this Project, and is thus subject to pay prevailing wages to its employees pursuant to the DBA determination.

15.

While Wright was an employee of SEC, he received an hourly wage of $18.54/hr. between December 29, 2010 and September 1, 2011 for all duties and responsibilities to which he was assigned from time to time. After September 1, 2011, he received an hourly wage of $23.54/hr. until his wrongful termination on March 3, 2012.

16.

While Arrington was an employee of SEC, he received an hourly wage of $10.00/hr. between April 19, 2011 and October 6, 2011 for all duties and responsibilities to which he was assigned from time to time. After October 6, 2011, he received an hourly wage of $14.83/hr. until his wrongful termination on March 3, 2012.

17.

Based upon the foregoing, it is apparent that SEC intentionally misclassified the Plaintiffs in their job titles, and paid them at a much lower rate than they were due pursuant to the actual work they performed. SEC failed to compensate Plaintiffs at the prevailing wage for their work performance as Certified Electricians in violation of DBA.

18.

Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked, the amounts paid to Plaintiffs and their job duties and work performance are in the possession, custody, and control of SEC. Plaintiffs show, however, that each of them customarily worked a 45-50 hour workweek.

19.

SEC knew or exhibited reckless disregard as to whether Plaintiffs' job duties and work performance were properly classified as to job title and pay rate as prescribed by the DBA.

20.

On March 3, 2012, after learning that Plaintiffs approached their attorneys to ascertain their legal rights under FLSA and DBA, SEC retaliated and terminated the Plaintiffs from their employment.

21.

The Plaintiffs were merely exercising their private, protected rights, thus making the termination by SEC retaliatory conduct.

## CAUSES OF ACTION

## COUNT I – RECOVERY OF UNPAID OVERTIME WAGES

22.

Plaintiffs adopt and reallege paragraphs one through twenty-one of the Complaint herein and incorporate such paragraphs as if completely set forth.

23.

Pursuant to the Fair Labor Standards Act, 29 U.S.C.S. § 207, (the "Act") employees falling under the statute's purview are entitled to receive overtime wages of one and one-half times their normal hourly wages for every hour worked above 40 hours in a given week as defined in the Act.

24.

During Plaintiffs employment, they routinely worked in excess of 40 hours per week. They were, however, paid for only 40 hours of work per week. They were never compensated according to FLSA for hours worked beyond 40 in any given week. Plaintiffs show that they worked an average of 45-50 hours per workweek.

25.

Upon information and belief, SEC's failure to properly compensate Plaintiffs for their overtime hours worked was reckless, as SEC did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour opinion Letters, or (d) the Code of Federal Regulations.

26.

SEC knew or exhibited reckless disregard as to whether their conduct was as prescribed by the FLSA.

27.

Plaintiffs have suffered monetary damages from not being paid their statutorily prescribed overtime wages. Defendant has willfully failed to pay Plaintiffs their overtime wages, which should be $55.635/hr for every hour over 40 hours per week as worked by Plaintiffs. Plaintiffs show that they worked an average of 45-50 hours per workweek.

28.

Defendants have willfully and intentionally refused to pay Plaintiffs the overtime wages they were due pursuant to the FLSA. Plaintiffs should be awarded attorney fees and other expenses of litigation according to 29 U.S.C. § 216. Plaintiffs also seek liquidated damages, in addition to their unpaid compensation damages due to the willful misconduct of the Defendant.

## COUNT II – RECOVERY OF UNPAID PREVAILING WAGES PURSUANT TO THE DAVIS BACON ACT

### 29.

Plaintiffs adopt and reallege paragraphs one through twenty-eight of the Complaint herein and incorporate such paragraphs as if completely set forth.

### 30.

Plaintiffs were employed by SEC as Apprentices and/or Journeymen, but performed assigned duties working as full time Certified Electricians at all times relevant to this complaint. While employees for SEC, Plaintiffs performed electrical work as Certified Electricians at the direction of SEC on a Davis-Bacon Act project known as Marion Middle School and High School (the "Project").

### 31.

Prior to the outset of the Project, the Secretary of Labor made a Davis-Bacon Act determination with respect to construction projects in Marion County that fell under the Act's purview. The determination states that Electricians are due an hourly wage of $29.00, with fringe benefits equal to $8.09 per hour. The determination is attached hereto and incorporated herein as Exhibit "A." SEC was a subcontractor on this Project, and is thus subject to pay prevailing wages to its employees pursuant to the DBA determination.

### 32.

While Wright was an employee of SEC, he received an hourly wage of $18.54/hr. between December 29, 2010 and September 1, 2011 for all duties and responsibilities to which he was assigned from time to time. After September 1, 2011, he received an hourly wage of $23.54/hr. until his wrongful termination on March 3, 2012.

33.

While Arrington was an employee of SEC, he received an hourly wage of $14.83/hr. between April 19, 2010 and September 1, 2011 for all duties and responsibilities to which he was assigned from time to time. After September 1, 2011, he received an hourly wage of $10.00/hr. until his wrongful termination on March 3, 2012.

34.

Based upon the foregoing, it is apparent that SEC intentionally misclassified the Plaintiffs and paid them at a much lower rate than they were due pursuant to DBA. Therefore, SEC failed to compensate Plaintiffs at the prevailing wage in violation of DBA.

35.

Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiffs are in the possession, custody, and control of SEC.

36.

SEC knew or exhibited reckless disregard as to whether their conduct was prohibited by the DBA.

37.

Plaintiffs have suffered monetary damages from not being paid all of their wages. SEC has willfully failed to pay Plaintiffs their wages, which should be $29.00/hr for every hour worked for the first 40 hours of each work week as determined by the Department of Labor.

## COUNT III – RECOVERY OF UNPAID FRINGE BENEFITS PURSUANT TO THE DAVIS BACON ACT

38.

Plaintiffs adopt and reallege paragraphs one through thirty-seven of the Complaint herein and incorporate such paragraphs as if completely set forth.

39.

Plaintiffs were employed by SEC as Apprentices and/or Journeymen, but performed assigned duties working as full time Certified Electricians at all times relevant to this complaint. While employees for SEC, Plaintiffs performed electrical work as Certified Electricians at the direction of SEC on a Davis-Bacon Act project known as Marion Middle School and High School (the "Project").

40.

Prior to the outset of the Project, the Secretary of Labor made a Davis-Bacon Act determination with respect to construction projects in Marion County that fell under the Act's purview. The determination states that Electricians are due an hourly wage of $29.00, with fringe benefits equal to $8.09 per hour. The determination is attached hereto and incorporated herein as Exhibit "A." SEC was a subcontractor on this Project, and is thus subject to pay prevailing wages to its employees pursuant to the DBA determination.

41.

While Wright was an employee of SEC, he received an hourly wage of $18.54/hr. between December 29, 2010 and September 1, 2011 for all duties and responsibilities to which he was assigned from time to time. After September 1, 2011, he received an hourly wage of $23.54/hr. until his wrongful termination on March 3, 2012.

42.

While Arrington was an employee of SEC, he received an hourly wage of $14.83/hr. between April 19, 2010 and September 1, 2011 for all duties and responsibilities to which he was assigned from time to time. After September 1, 2011, he received an hourly wage of $10.00/hr. until his wrongful termination on March 3, 2012.

43.

Based upon the foregoing, it is apparent that SEC misclassified the Plaintiffs and paid them at a much lower rate than they were due pursuant to DBA. Therefore, SEC failed to compensate Plaintiffs at the prevailing wage in violation of DBA.

44.

Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiffs are in the possession, custody, and control of SEC.

45.

SEC knew or exhibited reckless disregard as to whether their conduct was prohibited by the DBA.

46.

Plaintiffs have suffered monetary damages from not being paid all of their wages. SEC has willfully failed to pay Plaintiffs their fringe benefits, which should be $8.09/hr for every hour worked for the first 40 hours of each work week.

## COUNT IV – QUANTUM MERUIT

### 47.

Plaintiffs adopt and reallege paragraphs one through forty-six of the Complaint herein and incorporate such paragraphs as if completely set forth.

### 48.

During the term of Plaintiffs' employment with SEC, Plaintiffs rendered work, labor, and services to SEC, at the request and on behalf of SEC, for which SEC is obligated to pay Plaintiffs the reasonable value of their services.

### 49.

At all times herein mentioned, the reasonable value for the above services performed by Plaintiffs is $37.09 per hour for each and every hour of labor performed in a forty hour week.

### 50.

At all times herein mentioned, the reasonable value for the above services performed by Plaintiffs is $55.635 per hour for each and every hour of labor performed in excess of forty hours per week.

### 51.

SEC has refused to pay Plaintiffs the reasonable value of his services for work performed at their prevailing wages, and also in excess of forty hours per week. None of the prevailing wages or hours worked by Plaintiffs in excess of 40 hours per week has been paid notwithstanding repeated demands of payment thereof.

## COUNT V – MISCLASSIFICATION OF EMPLOYEES

52.

Plaintiffs adopt and reallege paragraphs one through fifty-one of the Complaint herein and incorporate such paragraphs as if completely set forth.

53.

Prior to the outset of the Project, the Secretary of Labor made a Davis-Bacon Act determination with respect to construction projects in Marion County that fell under the Act's purview. The determination states that Electricians are due an hourly wage of $29.00, with fringe benefits equal to $8.09 per hour. The determination is attached hereto and incorporated herein as Exhibit "A."SEC was a subcontractor on this Project, and is thus subject to pay prevailing wages to its employees pursuant to the DBA determination.

54.

While Wright was an employee of SEC, he was classified as an Apprentice and received an hourly wage of $18.54/hr. between December 29, 2010 and September 1, 2011.  At all times of his employment, he was assigned and performed duties and responsibilities as an Electrician. After September 1, 2011, he received an hourly wage of $23.54/hr. until his wrongful termination on March 3, 2012.

55.

While Arrington was an employee of SEC, he was classified as a Journeyman and received an hourly wage of $10.00/hr. between April 19, 2011 and October 6, 2011.  At all times of his employment, he was assigned and performed duties and responsibilities as an Electrician. After October 6, 2011, he received an hourly wage of $14.83/hr. until his wrongful termination on March 3, 2012.

56.

At all times herein, Plaintiffs performed duties of Electricians as defined by DBA, notwithstanding their job classifications.

57.

Based upon the foregoing, it is apparent that SEC intentionally misclassified the Plaintiffs and paid them at a much lower rate than they were due pursuant to DBA. Therefore, SEC failed to compensate Plaintiffs at the prevailing wage in violation of DBA.

## COUNT VI – RETALIATORY TERMINATION

58.

Plaintiffs adopt and reallege paragraphs one through fifty-seven of the Complaint herein and incorporate such paragraphs as if completely set forth.

59.

On or about March 1, 2012, Plaintiffs approached below counsel to file a complaint against Defendant for its illegal pay practices. This is a "protected" action under FLSA.

60.

On March 3, 2012, after discovering Plaintiffs approached attorneys to discuss their legal rights under FLSA, SEC retaliated and terminated the Plaintiffs from their employment.

61.

The Plaintiffs were merely exercising their private, protected rights, thus making the termination by SEC retaliatory conduct.

## COUNT VII – PUNITIVE DAMAGES

62.

Plaintiffs adopt and reallege paragraphs one through sixty of the Complaint herein and incorporate such paragraphs as if completely set forth.

63.

As a result of SEC's reckless and wanton behavior towards Plaintiffs, they are therefore entitled to Punitive Damages as a remedy to the outrageous behavior exhibited by SEC.

*WHEREFORE*, Plaintiffs respectfully pray unto this Honorable Court as follows:

(a)    That process issue and Defendants be served according to law;

(b)    That Plaintiffs be awarded all of their unpaid wages at the proper hourly rate as determined by the Davis-Bacon Act prevailing wage for the subject project;

(c)    That Plaintiffs be awarded their overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207;

(d)    That Plaintiffs be awarded liquidated damages for Defendant's willful violation of the Fair Labor Standards Act and breach of contract;

(e)    That Plaintiffs be awarded their attorneys fees and expenses of litigation, pursuant to Fair Labor Standards Act, 29 U.S.C. § 216;

(f)    That Plaintiffs be awarded the reasonable value of services performed for Defendant in all work weeks during their employment with Defendant;

(g)    That Plaintiffs be awarded damages for Defendant's willful retaliation against Plaintiffs in violation of the Fair Labor Standards Act; and

(h)     That Plaintiffs be granted such other, further, and different relief this Honorable

Court deems just, these premises considered.

Respectfully submitted this $3rd$ day of December, 2012.

MEACHAM & EARLEY, P.C.
Attorneys for Plaintiffs

Christopher L. Meacham
Georgia Bar No. 500050
Richard M. Kemmer, III
Georgia Bar No. 519905

MEACHAM & EARLEY, P.C.
P. O. Box 9031
Columbus, GA 31908
(706) 576-4064

## VERIFICATION

STATE OF Washington

COUNTY OF Thurston

Personally appeared before me, the undersigned, DANIEL WRIGHT, after first being duly sworn, deposes and says that he is the Plaintiff in the foregoing captioned cause, and that the facts contained herein are true and correct.

_____
DANIEL WRIGHT

Sworn to and subscribed before me this

20 day of September, 2012.

_____
Notary Public
My Commission Expires: 7-14-13

## VERIFICATION

STATE OF GEORGIA

COUNTY OF MUSCOGEE

Personally appeared before me, the undersigned, BENJAMIN ARRINGTON, after first being duly sworn, deposes and says that he is the Plaintiff in the foregoing captioned cause, and that the facts contained herein are true and correct.

_____
BENJAMIN ARRINGTON

Sworn to and subscribed before me this

4th day of September_____, 2012.

_____
Notary Public
My Commission Expires: April 26, 2014

EXHIBIT "A"

General Decision Number: GA120209 01/06/2012  GA209

Superseded General Decision Number: GA20100281

State: Georgia

Construction Type: Building

County: Marion County in Georgia.

BUILDING CONSTRUCTION PROJECTS (does not include single family homes or apartments up to and including 4 stories).


Modification Number    Publication Date
        0              01/06/2012

* ASBE0048-001 04/01/2011

                          Rates      Fringes

ASBESTOS WORKER/HEAT & FROST
INSULATOR.......................$ 25.07    12.41
----------------------------------------------------------------
ELEC0613-001 09/01/2010

                          Rates      Fringes

ELECTRICIAN.....................$ 29.00    8.09

FOOTNOTES: Work on bar joists, walk logs, exposed steel and swinging scaffolds when the surface the worker stands or sits on exceeds twenty-five (25) feet above solid floor and the worker is subject to free fall: $1.00 per hour additional.  Work of a similar nature above fifty (50) feet: $3.00 per hour additional.
----------------------------------------------------------------
ENGI0474-014 07/01/2010

                          Rates      Fringes

Operating Engineers:
    Boom (over 15 tons), Crane
    (over 10 tons), Drill,
    Forklift (15 tons and
    over), and Hoist (two drum).$ 23.30    11.60